### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JAMES A. DUNCAN JR. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO.:_____ |
| vs. ) | |
| ) | Jury Trial Demand |
| CITY OF TUCKER, GEORGIA ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff James A. Duncan, Jr. (hereinafter "Plaintiff"), by and through his undersigned counsel of record, and hereby file this COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL and states as follows:

This is a proceeding for relief and monetary damages to redress the deprivation of Plaintiff's rights by Defendant, City of Tucker, Georgia ("Defendant") secured to Plaintiff for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.("Title VII).

### I. JURISDICTION:

1. Jurisdiction of this cause arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e-2(a) and §2000e-3(a), as amended by the Civil

1

Rights Act of 1991, 42 U.S.C. §1981A, and as specifically conferred on the court under 42 U.S.C. §2000e-5. Equitable relief and other relief are also brought under 42 U.S.C. §2000e-5(g).

2.      Jurisdiction of this cause also arises under 28 U.S.C. §§1331, 1343(4). Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to 42 U.S.C. §2000e-5(f) and (g). The amount in controversy exceeds $50,000.00.

3.      Pursuant to 42 U.S.C. §1981A, Plaintiff seeks compensatory damages including future pecuniary losses, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

4.      This action properly lies in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §1391(b) in that the claim arose in this jurisdictional district.

5.      At all times relevant, Plaintiff was an aggrieved person as defined by Title VII, 42 U.S.C. §2000e-(f).

II. PARTIES:

6.      Plaintiff is a resident of Georgia and resides presently and during relevant time period at 2828 Molly Drive, Lawrenceville, Georgia 30044.

7. Defendant is a governmental agency with a principal place of business located at 1975 Lakeside Parkway Suite 350A Tucker, Georgia 30084.

8. Defendant is an employer as defined under Title VII.

### III. ADMINISTRATIVE REQUIREMENTS:

9. Plaintiff filed his original Charge of Discrimination based on race, sex, age, and retaliation with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the date of the prior last act of discrimination.

10. Plaintiff received a Notification of Right to Sue on August 9, 2022, and Plaintiff brought this action within 90 days of his receipt of said Notice. (attached hereto as Exhibit A).

### IV. FACTUAL ALLEGATIONS:

11. Plaintiff was employed by the Defendant from January 9, 2017 and held an employment position as a Code Enforcement Officer.

12. Defendant created a hostile work environment which forced the Plaintiff to leave on or about November 30, 2021.

13. Plaintiff performed his regularly assigned duties in a satisfactory manner as evidenced by his performance evaluations and tenure.

14. Defendant terminated Plaintiff's employment on the stated grounds of "insubordination."

15.  Plaintiff is an African American, male.

16.  At the time of the discrimination, Plaintiff was the only African American, male in his department.

17.  During November 2019, Plaintiff took time off from work pursuant to the Family Medical Leave Act ("FMLA") to care for his terminally ill wife, who eventually passed away December 2019.

18.  Plaintiff returned to work February 2020 after laying his deceased spouse to rest.

19.  Subsequent to his return-to-work February 2020, Plaintiff was informed by his manager, Ms. Maricela Perdomo that his work hours had changed from 6:30 am to 3:00 p.m. to 9:00 am to 5:00 pm.

20.  In March 2020, the President of the United States declared a state of emergency in response to the coronavirus pandemic which was developing. Everyone had to "shelter in place" including but not limited to at-risk groups that had underlying conditions as of result of the coronavirus pandemic.

21.  Plaintiff notified his manager, Maricela Perdomo that he is elderly and has underlying conditions (i.e., High Blood Pressure, Diabetes) which would require him to shelter in place and work from home.

22. Plaintiff was harassed for attempting to work from home, despite subtle and not so subtle communications from Marciela Perdomo and Matt Holmes, that they were extremely upset and displeased with Plaintiff over Plaintiff's continued objection to work on a rotating schedule during a global pandemic with underlying conditions and no Personal Protective Equipment ("PPE").

23. Plaintiff sent an email protesting the instruction to work on rotation from home, claiming that such instruction was discriminatory, and he was being subjected to a hostile work environment as a direct result of his refusal to work on rotation despite the shelter in place order.

24. On April 13, 2020, Defendant threatened to terminate Plaintiff's employment if he did not return to work by 5:00 p.m. although he was at a doctor's appointment to address his underlying conditions.

25. Plaintiff returned to work with a doctor's note, and he was told to leave by the health nurse and manager, Marciela Perdomo. Additionally, Defendant still did not have PPE available for their employees during this period.

26. On August 14, 2020, Plaintiff emailed his manager, Maricela Perdomo to request that his work hours be changed from 9:00 a.m. to 7:00 a.m. Monday through Friday.

27. Although Caucasian employees from the same department were allowed to work earlier hours, Defendant responded to Plaintiff that the schedule required for the departments is from 9:00 a.m. to 5:00 p.m.

28. By the manager's express language, the prohibition was not applied equally to African American employees in this department.

29. Caucasian employees were permitted to work from home and at earlier times without reproach by staff management.

30. Plaintiff has worked for the Defendant from 7:00 a.m. to 3:00 p.m. in his capacity as Code Enforcement Officer from January 2017 to February 2020 without incident until his return from FMLA (February 2020) and the COVID-19 Pandemic (March 2020).

31. The prohibitions against Plaintiff not being able to work from home and between 7:00 a.m. to 3:00 p.m. and not being equally required of Caucasian employees serve no legitimate business purpose.

32. The institutional discrimination against Plaintiff was created based on traditional stereotypes of African American and Caucasian (typically Caucasian) and discriminate on the basis of culture, race, national origin, age, gender, and sex.

33. Based on the Plaintiff's work hours request, Defendant retaliated against Plaintiff and as a result, Plaintiff lost the opportunity to be vested for his pension after 60 months, despite having already completed 58 months.

34. On September 15, 2020, Plaintiff received a written warning because a Caucasian female employee stated after a meeting that she did not approve of the tone of Plaintiff's voice in the meeting.

35. Said written warning, cost Plaintiff his annual raise and bonus for safe driving.

36. On or about November 30, 2021, due to the hostile environment created by the Defendant, Plaintiff was forced to leave.

37. Plaintiff's insistence to be treated equally was one of the determining factor in the decision to terminate Plaintiff's employment for insubordination.

38. As a result of being forced to leave, Plaintiff suffered a loss of income and employee benefits.

39. As a result of the Defendant's acts of discrimination, Plaintiff suffered harm to his personal and professional reputation.

40. The foregoing actions of Defendant discrimination against Plaintiff because of his sex (male), race (African American), age (over 60), and were in retaliation

due to Plaintiff's objection to unlawful orders in violation and indifference to Plaintiff's protected civil rights.

WHEREFORE, Plaintiff seeks the following relief:

a) An order making Plaintiff whole by awarding him front pay in an amount deemed appropriate by the Court, or alternatively ordering Defendant to reinstate Plaintiff to his former position or a position comparable thereto;

b) An order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial;

c) An order awarding Plaintiff prejudgment and post-judgment interest in an amount and at a rate to be determined at the time of trial;

d) An order awarding Plaintiff all attorney's fees, expert witness fees and costs of this action;

e) An order awarding Plaintiff compensatory damages as determined by a jury or such amount a permitted by law;

f) Declaring that the acts and practices complained of herein are violations of Title VII; and

g) An order awarding Plaintiff such other and further relief as this Court deems fit, including up to requiring Defendant to offer reemployment and full damages to any other individual similarly situated to Plaintiff.

This 7th day of November, 2022.

                                          Respectfully submitted,

                                        */s/ Marsha W. Mignott*
                                        Marsha W. Mignott
                                        Georgia Bar No. 141933
                                        Attorney for Plaintiff

**THE MIGNOTT LAW GROUP, LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Office
(770) 621-5496 Fax
Lawyers@mignottlaw.com

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing **COMPLAINT AND DEMAND FOR JURY TRIAL** has been prepared with Times New Roman, 14-point font, one of the fonts and point selections approved by the Court in LR 5.1.

This 7th day of November, 2022.

                                      Respectfully submitted,

                                      */s/ Marsha W. Mignott*
                                      Marsha W. Mignott
                                      Georgia Bar No. 141933
                                      Attorney for Plaintiff

**THE MIGNOTT LAW GROUP, LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Office
(770) 621-5496 Fax
Lawyers@mignottlaw.com